UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT NORMAN, #313490,

    Petitioner,

Case No. 07-cv-15337

HONORABLE MARIANNE O. BATTANI

v.

SUSAN DAVIS,

    Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF
<u>HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY</u>**

Petitioner Robert Norman is a prisoner currently confined at Woodland Correctional Facility. On October 4, 2004, Norman pled guilty to two counts of possession with intent to deliver less than 50 grams of cocaine and one count of delivering 50 to 499 grams of cocaine. On November 30, 2004, Norman was sentenced to concurrent terms of 99 to 240 months' imprisonment on all three convictions. On February 16, 2006, the trial court corrected Norman's sentence on Counts II and III to a minimum of 19 months on each count.

Norman challenges his conviction and sentence on the following grounds:

    I. Conviction Obtained by a Plea of Guilty Which Was Unlawfully Induced or Not Made Voluntarily with the Consequence of the Plea

For the reasons stated below, the petition will be denied. The Court also declines to issue a certificate of appealability, because the Court's resolution of the questions presented is not one upon which reasonable jurists could differ.

**FACTS AND PROCEDURAL HISTORY**

On May 21, 2004, Norman was charged with one count of delivery of 50 to 499 grams of cocaine and two counts of possession with intent to deliver less than 50 grams of

cocaine, reflecting conduct on two separate dates. At an October 4, 2004 in-court conference, defense counsel was told by the prosecutor that an offer in exchange for a plea of guilty to the charges would result in Petitioner being sentenced to the "low end of the guidelines." The judge stated the plea agreement on the record as follows:

> THE COURT: Mr. Jaffe, would it be accurate to state that you approached the Bench and you actually confirmed a *Cobbs* offer that was discussed a couple of weeks ago and that was that as of now the Court would agree to sentence at low end of the guidelines which could be either an 88 month sentence or a 99 month sentence. I don't know what those guidelines are. Whatever they are, it would be low end. If I don't conform with that, then obviously your client would have an opportunity to withdraw his plea.
>
> MR. JAFFE: That's an accurate statement, your Honor, and I will indicate for the record that, you know, I've had substantial discussions with my client about this prior to today and as we discussed this at the Bench, as the Court has indicated, I also discussed it with my client accordingly and as of yesterday morning, I mean that is his decision and I believe that that still remains his decision.

Plea Tr. 3-4 (Docket no. 6-8 at 3-4).[1] Norman was then sworn in by the court. Plea Tr. 5. He testified that he understood the charges against him, that he understood all three charges carry maximum penalties of 20 years and that, as a fourth-offense habitual offender, the maximum penalties were enhanced to the possibility of life imprisonment. Plea Tr. 6-7. Norman acknowledged his criminal history. Plea Tr. 7. He acknowledged that he heard the statements the court had made regarding his sentence. *Id.* Norman testified that he understood the rights that he was waiving. Plea Tr. 7-10. He then acknowledged the factual basis for his plea, that on July 10, 2003, he delivered 50 grams or more of cocaine and on the same date possessed with the intent to deliver less than 50

---

[1] *People v. Cobbs*, 443 Mich. 276 (1993), authorizes Michigan trial courts to enter a particular type of plea under which the judge states the appropriate length of sentence if the defendant were to plead guilty, based on the information then available to the judge. The advisory sentence is not binding on the court, but if the defendant subsequently pleads guilty in reliance on the statement and the court later determines that the sentence must exceed that initially stated, the defendant retains the absolute right to withdraw the plea.

2

grams of a mixture containing cocaine, and that on March 19, 2003, he possessed with the intent to deliver less than 50 grams of cocaine. Plea Tr. 10. The Court found the plea to be knowing and voluntary and accepted his plea. *Id.*

Norman was sentenced on November 30, 2004. At the sentencing, Norman requested an additional 30 days to turn himself in, because "my daughter is 2 and 8 years is a long time she'll be 10 when she turns for the last Christmas but I will come in the day afer Christmas, your Honor and sit right in that box waiting." Sentencing Tr. 5 (Docket no. 6-9 at 5). The Court denied the request for an additional 30 days, and also stated that it could not give any other leniency even if it wanted to "because I think as Mr. Jaffe has probably explained to you, if I were to go one day under these guidelines, the first thing they would is me (sic) and then slap you for even trying it. There's nothing in the record to allow me to do it." Sentencing Tr. 6. The court then sentenced Norman to 99 months to 240 months on each count of the indictment. *Id.* The court addressed Norman personally (apparently in response to a question that is not reflected in the record) and stated that "Yes, Mr. Norman, all those sentences will run concurrent to each other and not consecutive," to which Norman replied "Thank you." *Id.* Neither Norman or his counsel objected or stated that this sentence violated the terms of the plea agreement.

On December 5, 2005, through a court-appointed appellate attorney, Norman filed a Motion to Correct Invalid Sentencing. In this motion, Norman acknowledged that his sentence on Count I, 99 months to 20 years, complied with the *Cobbs* agreement, but pointed out that having the same sentence on Counts II and III greatly exceeded the range that would have been produced had guidelines been calculated for those offenses, and argued that the appropriate range for those counts would be 10 to 46 months. February 16, 2006 Opinion and Order at 1-2 (Docket no. 6-11 at 53-54). The trial court granted

3

defendant's motion in part. The court refused to permit Norman to withdraw his plea, on the grounds that "[w]ithdrawal of a plea pursuant to a *Cobbs* agreement is appropriate only where the Court refuses to honor the agreement and sentence the defendant within the agreed upon range. That is not the case here. Rather the Court believes that Defendant is entitled to a sentence within the agreed upon range for Counts II and III, i.e., at the lower end of the guidelines. As the sentence imposed did not comply with the agreement, resentencing is appropriate." *Id.* at 2. The Court agreed with the State, however, that the appropriate guideline range for Counts II and III was 19 to 76 months, and modified Norman's sentence on Counts II and III to reflect a 19 month minimum term on those counts. *Id.*

On May 15, 2006, Norman filed a *pro se* motion for specific performance of the plea agreement and for allocution before the trial court. In his *pro se* motion, Norman did not ask that the plea be vacated. Rather, Norman argued that the proper remedy was for the sentence to be amended in accordance with what he asserted to be the plea agreement, which was that he was to be sentenced on *all* counts to the minimum for the lowest count, possession with intent to deliver less than 50 grams of cocaine, which had a guideline minimum of 19 months. In an order dated September 11, 2006, the trial court denied Norman's motion, on two grounds. First, the Court denied the motion pursuant to Mich. Ct. Rule 6.502(G) because Norman's motion for specific performance of the plea agreement was Norman's second post-trial motion challenging the judgment of sentence and was not based on a retroactive change in law that occurred after the first motion or on a claim of new evidence. Second, the court denied the motion pursuant to Mich. Ct. Rule 6.508(D)(3), because the motion alleged grounds for relief that could have been raised on appeal from the conviction or in a prior motion, and there was no explanation for

4

defendant's failure to raise the issue earlier. Sept. 11, 2006 Order at 1-2 (Docket No. 6-10 at 23-24).

On October 25, 2006, Norman filed a delayed application for leave to appeal the trial court's September 11, 2006 order denying specific performance of the plea agreement. In an order dated December 28, 2006, the Court of Appeals dismissed Norman's application for lack of jurisdiction pursuant to Mich. Ct. Rule 6.502(G), on the grounds that the September 11, 2006 order denied a successive motion for relief from judgment absent newly discovered evidence or retroactive change in the law. (Docket no. 6-10 at 7). Norman moved for reconsideration, which the Court of Appeals granted on February 27, 2007, vacating the December 28, 2006 order dismissing for want of jurisdiction. (Docket no. 6-10 at 2). On May 21, 2007, the Court of Appeals denied Norman's delayed application for leave to appeal on the grounds that he had failed to meet the burden of establishing entitlement to relief under Mich. Ct. Rule 6.508(D). (Docket no. 6-10 at 1). On September 24, 2007, the Michigan Supreme Court denied Norman's application for leave to appeal the May 21, 2007 Order of the Court of Appeals on the grounds that the defendant failed to meet the burden of establishing entitlement to relief under Mich. Ct. Rule 6.508(D). (Docket no. 6 -11 at 1).

Norman filed the instant petition on December 14, 2007. In his petition, Norman argues that he is entitled to habeas relief because the sentence imposed violated the terms of his plea agreement for a minimum sentence at the low end of the sentencing guidelines, because he was sentenced at the low end of the greater offense rather than the concurrent lesser offences. As discussed below, the Court finds that Norman has not established the factual predicate for relief, and therefore Norman's petition will be denied with prejudice.

**ANALYSIS**

This Court applies the standards of review contained in the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), codified in amended 28 U.S.C. § 2254(d). Paragraph (d) as amended provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings.

Under the "contrary to" clause, this Court may grant habeas relief if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if the state court decides a case differently than the United States Supreme Court on a set of materially indistinguishable facts. *Ayers v. Hudson*, ___ F.3d ___, 2010 WL 3894463 at *4 (6th Cir. Oct. 5, 2010) (citing *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). Under the "unreasonable application" clause, this Court may grant habeas relief if "'the state court identifies the correct governing legal principle from [the Supreme Court's] decision but unreasonably applies that principle to the facts of the prisoner's case[,]' or if a 'state court decision either unreasonably extends or unreasonably refuses to extend a legal principle from the Supreme Court precedent to a new context.'" *Id.* (quoting *Harris v. Haeberlin*, 526 F.3d 903, 909 (6th Cir. 2008).

A. Procedural Default

The Court notes as an initial matter that the petitioner's claims appear to be procedurally defaulted. The trial court denied petitioner's motion for specific performance

6

of the plea agreement pursuant to Mich. Ct. Rule 6.502(G) and Mich. Ct. Rule 6.508(D)(3) on the grounds that it did not satisfy the requirements for filing a successive post-conviction motion. The trial court's order was affirmed by the Michigan Court of Appeals and by the Michigan Supreme Court under Mich. Ct. Rule 6.508(D).

"A petitioner procedurally defaults claims for habeas relief if the petitioner has not presented those claims to the state courts in accordance with the state's procedural rules." *Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000) (citations omitted). When "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice ... or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (citation omitted). The Michigan courts here expressly relied upon Rules 6.502(G) and 6.508(D)(3) in rejecting Norman's claims, thus invoking the procedural bar.

Given that the state is not asserting procedural default, however, the Court will proceed to consider the merits of the petition. Procedural default is not a jurisdictional bar to review of a habeas petition on the merits. *Trest v. Cain*, 522 U.S. 87, 89 (1997). Furthermore, "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F. 3d 212, 215 (6th Cir.2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). "'Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law.'" *Id.* (quoting *Lambrix*, 520 U.S. at 525). In this case, the Court finds

7

that the interests of judicial economy are best served by addressing the merits of petitioner's claim.

B. <u>Petitioner's Claim for Habeas Relief</u>

Norman contends that the sentencing judge failed to comply with a *Cobbs* or sentencing agreement, which he claims called for him to be sentenced at the "low end of the guidelines" which, he appears to assert, is 19 months on all counts. Norman asserts that the Court's failure to sentence him in accordance with what he understood to be his agreement with the State violates the rule set forth by the Supreme Court in *Santobello v. New York*, 404 U.S. 257 (1971), and entitles him to specific performance of the alleged agreement.

Petitioner's reliance on *Santobello* is unavailing because that case is not on point. *Santobello* involved a plea bargain that was obtained, in part, based upon the prosecution's representation that it would make no sentencing recommendation. When the time of sentencing arrived, a new prosecutor, unaware of the recommendation of the earlier prosecutor, recommended the maximum sentence for the offense. The trial court imposed the maximum sentence, while stating that it was in no way influenced by the recommendation of the prosecutor. The Supreme Court granted certiorari and reversed, holding that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello*, 404 U.S. at 262. *Santobello* is not relevant here, however, because this case does not involve a breach of any agreement by the prosecution, but rather a claim that the Court did not apply the plea bargain, to which claim

8

*Santobello* does not apply. See *Brown v. McKee*, 340 Fed. Appx. 254, 257 (6th Cir. 2009) (*Santobello* does not apply to claimed breach of plea bargain by trial court)[2]

Norman's claim, however, can also be construed as a claim that his plea of guilty was not voluntary and knowing because it was induced by his understanding and belief that the plea bargain he was making was that he would be sentenced to the bottom of the guideline range of the three counts to which he pleaded guilty. In other words, the petitioner appears to argue that since the bottom of the guidelines for Counts II and III were 19 months, and the bottom of the guidelines for Count I was 99 months, he had agreed to a *Cobbs* plea bargain for a 19 month minimum for each of the three counts. This argument may best be construed as an argument that his guilty plea was not voluntary and intelligently made because of his misunderstanding of the actual terms of the plea, or because the terms were not explained to him correctly by his attorney. The Court has considered this argument and finds it to be without merit because it finds no support in the record and is in fact contradicted by all the facts in the record.

In order to satisfy due process, a guilty plea must be knowing, voluntary and intelligent. *Hart v. Marion Correction Inst.*, 927 F.2d 256, 257 (6th Cir. 1991) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)). For a plea of guilty or no contest to be voluntarily and intelligently made, the defendant must at least be aware of the "relevant circumstances and likely consequences" of his plea. *Id.* When a petitioner brings a federal habeas petition challenging his plea of guilty, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily and intelligently. *Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993). The

---

[2]The Supreme Court has also recently narrowed the holding of *Santobello* to require a showing of plain error in cases, such as this, where there was no contemporaneous objection to the sentence. *Puckett v. United States*, 129 S.Ct. 1423 (2009)

factual findings of a state court that the guilty plea was properly made are accorded a presumption of correctness. *Id.* A federal court will uphold a state court guilty plea if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and voluntarily chose to plead guilty or no contest. See *Hoffman v. Jones*, 159 F. Supp. 2d 648, 655-56 (E.D. Mich. 2001).

The Court finds that the presumption of correctness applies here and that Norman has failed to carry his burden of demonstrating that his plea was not knowing and voluntary. Petitioner has failed to provide any evidence that the state court erred in finding that the plea bargain provided only that he would be sentenced to the low end of the guidelines as those guideline were computed on each charge, rather than what petitioner asserts is his understanding of the agreement, that he was going to be sentenced on each of the counts to the guideline applicable to the least serious of the counts. He has also failed to rebut the presumption that his plea bargain was entered into knowingly and voluntarily.

It is clear from the record that what Norman currently claims to have been his understanding of the agreement was not the understanding of either the trial court, the prosecutor or his defense counsel at the time. In granting in part Norman's motion to correct invalid sentence, the trial court explicitly found that the corrected sentence of 19 months on Counts II and III and 99 months to 20 years on Count I honored the *Cobbs* agreement between the defendant and the State. See February 16, 2006 Order and Opinion at 2 (Docket 6-11 at 54) ("[w]ithdrawal of a plea pursuant to a *Cobbs* agreement is appropriate only where the Court refuses to honor the agreement and sentence the defendant within the agreed upon range. That is not the case here.") Neither Norman's trial attorney nor the State objected at the sentencing to the Court's imposition of a 99-month minimum sentence. Norman's brief in support of his successful motion to correct

invalid sentence did not challenge Norman's 99-month minimum sentence on Count I at all. Rather, it acknowledged that the sentence complied with the plea agreement as to Count I but argued that the same sentence imposed for Counts II and III of the indictment greatly exceeded the range that would have been produced had the guidelines been calculated for those offenses. See *id.* at 1-2 (Docket No. 6-11 at 53-54) (""Defendant acknowledges that his sentence [of 99 months to 20 years] on Count I complies with" his *Cobbs* agreement to receive a sentence as the low end of the guidelines).

Furthermore, the defendant has not shown that his own subjective understanding of the *Cobbs* agreement at the time of his plea or sentencing was different from that of the attorneys or the trial court. Rather, the evidence in the record shows that the petitioner himself understood at the time of both his plea and his sentencing that he was subject to being sentenced to the low end of the guidelines for each of the three counts at issue, with the focus being on Count I, the most serious of the three charges. First, during the plea hearing, the Court stated that, under the *Cobbs* agreement, petitioner's sentence would be "at low end of the guidelines which could be either an 88 month sentence or a 99 month sentence. I don't know what those guidelines are. Whatever they are, it would be low end." Plea Tr. 3-4. Petitioner was sworn in and acknowledged that he had heard the court's recitation of the agreement. *Id.* at 7. It therefore appears from the record that, at the time he pled guilty, the petitioner understood the "low end of the guidelines" to be between 88 and 99 months, not the 19 months he is currently claiming.

Petitioner's claim of his understanding of the *Cobbs* plea is also undermined by the transcript of the sentencing hearing. Neither the petitioner nor his attorney made any objection to the presentence report or to the sentence of 99 months. Prior to sentencing, however, the petitioner asked the court to grant him an additional 30 days to turn himself

11

in, because his daughter was 2 "and 8 years is a long time she'll be 10 when she turns for the last Christmas." Sentencing Tr. at 5 (Docket 6-8 at 5). This statement, which suggests that at the time of sentencing petitioner subjectively expected to be sentenced to 8 years (96 months), undermines petitioner's current assertion that he was led to believe that a sentence at the "low end of the guidelines" for Count I would be 19 months, the low end of the guidelines for Counts II and III.

In his reply, petitioner argues that this statement acknowledging that he was facing an eight year sentence is irrelevant because, at that point, petitioner did not know or had been informed that the guidelines had not been calculated on the other two charges and "he was not aware of the length of sentence that could be imposed and simply assumed that the eight year sentence was the lowest end of the guidelines, when in fact it is not." Reply at 1-2. Petitioner appears to assume that if the trial court had initially scored the guidelines for all three counts it would then "combine" all the counts and sentence him on all three counts to the lowest guideline applicable to the least serious of the counts. Petitioner supplies the Court with no authority for his assertion that the trial court could sentence him in this manner, and the Court is aware of none. The petitioner pled guilty and acknowledged the factual predicate to three separate crimes. The trial court engaged in a proper plea colloquy and found that petitioner's plea was knowing and voluntary. The trial court made the petitioner aware of the actual amount of time that he could be sentenced to, and did in fact sentence the petitioner to the amount of time stated on the record prior to his plea. The trial court properly sentenced the petitioner pursuant to the Michigan sentencing guidelines separately for each crime, and ordered that the sentences run concurrently. The judgment of the Michigan courts that petitioner's plea was knowing and voluntary and that he was sentenced in accordance with the *Cobbs* agreement and in

accordance with the law is not contrary to or an unreasonable application of clearly established federal law.

The validity of a guilty plea may be impaired only when the consensual character of the plea is called into question. *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984) (*abrogated on other grounds by Puckett*, 129 S. Ct. at 1423). "'[A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his or her own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (i.e. bribes)." *Id.* (*quoting Brady v. United States*, 397 U.S. 742, 755 (1970) (other citations omitted)).

Here, the record shows that the petitioner entered into his guilty plea fully aware of the direct consequences of his plea, including the amount of time to which he would be sentenced. His guilty plea satisfied the requirements of due process and his petition will therefore be denied.

## CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should

13

have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

s/Marianne O. Battani
MARIANNE O. BATTANI
United States District Judge

Dated: November 2, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 2, 2010, by electronic and/or ordinary mail.

s/Bernadette M. Thebolt
Case Manager